United States District Court
Southern District of Alabama

Robert Emile Peterson, Plaintiff
      Versus      23-cv-452-TFM-N
AL. Attorney General
Mobile County Police Dept.
Mobile County Sheriff's Dept.
Dept. of Public Safety et, AL.

   Now into court comes, Robert Emile Peterson, Plaintiff, Prose, who respectfully requests this honorable court to issue an injunction against the above named defendants and others et. AL. prohibiting them from having Plaintiff, Robert Emile Peterson, register as a Sex Offender under Alabama's statute known as "Alabama Sex Offender and Community Notificatio Act" as being a violation of his constitutional rights.
   That the following claims and facts are hereby incorporated and made a part of this action.

## Jurisdiction and Venue

   This is civil action authorized by 42 USC § 1983 to address the defendants "deprivation of rights under color of state law" as well as deprevation of State and United States Constitutional Rights.

(1)

## Federal Question Jurisdiction

This honorable court is presented with federal questions involving deprivation of Constitutional Rights by Alabama which now invokes this courts further jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3).

Plaintiff further claims "Injunctive Relief" is authorized by 28 U.S.C. §§ 2283 and 2284 as well as Rule 65 of the Federal Rules of Civil Procedure.

## Plaintiff

Plaintiff, Robert Emile Peterson, is a 77 year old male who resides in Mobile, Alabama, who more than 35 years after his 1986 sentence and federal conviction of a Federal Sex Offense has now been forced to register as a sex offender under Alabama's ASORCNA act. ASORCNA 15-20A-5(37) exempts this requirement.

## Defendants

That the following defendants and others, et. AL., are being sued in their official capacity under Color of State Law for deprivation of Constitutional and Civil Rights long since restored to Plaintiff.

1) Attorney General of Alabama
2) Dept. of Public Safety Sex Offender Registry office
3) Sheriff's office, Mobile County, Alabama
4) Chief Mobile County Police Dept.

(2)

## Case History

Plaintiff, <u>Robert Emile Peterson</u>, was indicted on July 9, 1985 in United States District Court, Southern District of Alabama and charged with a violation of 18 U.S.C. § 2252(a)(2) relative to child pornography.

That on Sept. 10, 1986, he was formally sentenced to three (3) years federal prison and committed to the custody of the United States Attorney General. See: <u>Judgement/Sentence order</u> (Attached and marked as "Exhibit A.")

## <u>ASCORCNA</u>

The "<u>Alabama Sex Offender Registration and Community Notification Act.</u>" "as applied" to the Plaintiff is unconstitutionally "over-breadth" and deprives him of procedura Due Process, Equal Protection, and causes irreparable harm and injury to his integrity and character by actions recently undertaken by Alabama officials under color of law.

This action is brought under the <u>First Amendment</u> of the United States Constitution for a "<u>Redress of Grievances</u>."

(3)

## Memorandum in support

Plaintiff begins by arguing that he was <u>never</u> ordered nor required by his federal sentencing judge to register as a "sex offender" upon release from federal prison. Therefore, he had no notice under the 6th Amendment of any registration requirements, nor was he given a chance to be heard.

That <u>ASORCNA</u>; supra., <u>at 15-20A-5(37)</u> clearly states that sex offender registration <u>is required, but</u> only if the foreign jurisdiction of conviction (federal) requires said registration, in this case it did not.

That Alabama's own code clears him of any sex offender registration requirement (15-20A-5(37)) because the "other" jurisdiction (federal) of his conviction <u>did not</u> require nor order registration, and now over 38 years have passed and now he is required to register or face jail time.

This court is asked based upon the material facts presented to apply the principle of lenity to it's final decision by issuing an injunction prohibiting Alabama from requiring Plaintiff to register by ordering them to remove him from any sex offender registry database and restore his Civil and Constitutional Rights and to conclude that his prior sentence has become final as outlined in <u>United States v. Difrancisco</u>, supra, and can not 38 years later be re-opened

(4)

### Relief sought

Plaintiff urges this Honorable Court to render a fair, just and equitable decision based on law and fact. Apply principles of lenity to it's decision by ordering injunctive relief and prohibit state officials from enforcing current and/or future registration requirements and to immediately remove him from their sex offender registry and database "void ab initio".

### Certificate of service

I, Robert Emile Peterson, Plaintiff hereby certify that I have mailed a true and correct copy of the above captioned pleadings to all named defendants to this action by mailing same first-class postage prepaid by placing same in the United States mail.

Thus done this 29 day of November, 2023.

Respectfully,

/s/ Robert Emile Peterson
Robert Emile Peterson, Pro se
5800 Innsbruck Dr
Mobile, AL 36608
Cell    251 370.5571
Home    251 392.8960

(5)

## Attachments

1) Exhibit "A"
   Judgement and Commitment Sentencing order;

2) Exhibit "B"
   Personal letter of Plaintiff: Robert Emile Peterson

3) Exhibit "C"
   Recent bio. of Plaintiff: Robert Emile Peterson

## Motion for Appointment of Counsel

Plaintiff, request Appointment of Counsel to represent him should the court hold an Evidentiary hearing in this matter.
Plaintiff requests to proceed in Forma Pauperis should the court grant said 1915 application.

Respectfully,

/S/ Robert Emile Peterson,
Robert Emile Peterson, Pro se

(6)

United States District Court for

SOUTHERN DISTRICT OF ALABAMA

**DEFENDANT:** ROBERT EMILE PETERSON

**DOCKET NO.:** CR. 85-00101

# JUDGMENT AND PROBATION/COMMITMENT ORDER AO-245 (9/82)

**COUNSEL**

In the presence of the attorney for the government the defendant appeared in person on this date — **SEPTEMBER 10, 1986**

[ ] WITHOUT COUNSEL   However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[XX] WITH COUNSEL   JOHN FURMAN (Name of Counsel)

**PLEA**

[XX] GUILTY, and the court being satisfied that there is a factual basis for the plea,   [ ] NOLO CONTENDERE,   [ ] NOT GUILTY

**FINDING & JUDGMENT**

There being a finding of  [ ] NOT GUILTY. Defendant is discharged   [XX] GUILTY.

Defendant has been convicted as charged of the offense(s) of violation of Section 2252(a)(2), Title 18, U. S. Code as charged in Count 1 of the indictment.

On oral motion of the U. S. Attorney, Counts 2 & 3 of the indictment are dismissed.

**SENTENCE OR PROBATION ORDER**

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of **THREE (3) YEARS.**

The defendant is assessed the amount of $50.00 to be paid to the United States pursuant to the provisions of Section 3013, Title 18, U. S. Code.

**SPECIAL CONDITIONS OF PROBATION**

Exhibit "A"

**ADDITIONAL CONDITIONS OF PROBATION**

In addition to the special conditions of probation imposed above, it is hereby ordered that the general conditions of probation set out on the reverse side of this judgment be imposed. The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within a maximum probation period of five years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT RECOMMENDATION**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

**SIGNED BY**

[XX] U.S. District Judge
[ ] U.S. Magistrate

Emmett R. Cox

Date SEPTEMBER 10, 1986

**GENERAL CONDITIONS OF PROBATION**

Where probation has been ordered the defendant shall, during the period of probation, conduct himself as a law-abiding, industrious citizen and observe all conditions of probation prescribed by the court. TO THE DEFENDANT — You shall:
(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;
(2) associate only with law-abiding persons and maintain reasonable hours;
(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);
(4) not leave the judicial district without permission of the probation officer;
(5) notify your probation officer immediately of any change in your place of residence;
(6) follow the probation officer's instructions and report as directed.

The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

Maximum probation period (per indictment or information) which may be imposed on defendant eligible for sentencing under the Youth Corrections Act, 18 U.S.C. § 5005 et seq., is one year for conviction of a misdemeanor or six months for conviction of a petty offense.

Defendant was placed in Mobile City Jail on 7-1-85 and was released on 7-2-85.

---

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant ~~delivered~~ surrendered on 02-11-86 to FCI

at Seagoville, TX , the institution designated by the Attorney General, with a certified copy of the within Judgment and Commitment.

G. H. Rodgers, Warden
United States Marshal.

By Cynthia Epley
Deputy Marshal.

Exhibit "A"

In June of 1985 I received a control delivery of an opened package by a postal inspector at my home.

I was expecting the package that had been sent from a friend visiting Europe. It was to contain jewelry, a swish army knife and other souvenirs. It also contained a package of 6 porn magazines that were sold on the street legally in Europe. Three of the magazines were said to contain child porn. I never saw these magazines. These magazines were requested by my cousin Leslie Peterson from my friend.

Shortly after receiving the package, I took it to my bedroom and pushed it under my bed because my son age 11, and my daughter age 8 were waking up and coming into the den of our home. A few minutes later my home was swarming with agents with a search warrant for child porn. I cooperated and thought I was doing the right thing by telling them I knew a package was coming, but did not know the contents. This turned into a search with things showing up that I am sure were not in my house earlier. A few of the marshals made the statement that they were expecting much worse and they were leaving.

On January 30th 1986 I took a plea bargain and pled guilty to "Knowingly Receiving Child Pornography". After going to court many times Honorable Federal Judge William B Hand made the commit that he thought the case was political and would sentence me to probation, but he did not want the state prosecutor Charles Gradick to take custody of me. Gradick was running for the Governor of Alabama, and was out to make a name for his self. On September 12th 1986 some 9 months later, I was sentenced to three years in federal prison to run concurrent with a state sentence. There would be a one-year probation after my release from the state.

After my release I returned home where I have lived for 53 years now. A few years after my return home my children moved in with me. I raised them in our home, and started working. I have never been without a job, and only changed jobs in 2007 to start my own company – Southern Repro Graphics. I employed between 7 – 9 employs, and sold that company in August, 2020 to a friend.

 38 years after fulfilling my obligation; hoping to retire and travel with my life partner that I have known since grade school, and have been engaged to. All of this came to an end when I returned home from Texas on January 11, 2022 after the death of my cousin's husband. After arriving home from TX on a Friday afternoon I was ordered by a county and city detective to report to them and register as a sexual offender within 72 hours. Again - I served my time, was released and never had an incident of any kind. I was told that someone had turned me in for not being registered. I am pretty sure I know the narcissistic person who did this and it was out of jealousy. How could I be made to register, flyers sent to my neighbors, picture posted to social media, my driver's license marked so I am not allowed to take a cruise that has been planned for more than a year. I am not allowed to go to

amusement parks, or school functions with my grandchildren any more. I am not allowed to live in assisted living if that time comes. I now must request a travel permit three days in advance from both detectives and I am still not sure if that will be granted, I am required to report where I am going, and when I return. If I am needed in TX on a weekend, I am not able to travel until I am given permission from two people. None of this existed just a few years ago. We just learned that my cousin (that lost her husband in January) that I am very close with has stage 4 liver cancer. My son that resides in NC has cancer and is taking chemo and now I am not able to go and come as I am needed until I receive permission from two people that do not know me, do not care and are hard to contact. I still cannot comprehend how this could be legal, and am asking to be excluded from this registry, and receive a pardon.

Please contact me with any questions.

Robert Peterson

251 370.5571   metz1912@att.net

*Robert Peterson*

On January 11, 2021 I returned home after being out of town for a week.

I had been in Santa Fe, TX during the time my cousin's husband passed away. When I arrived home, I was met by two detectives: Mark Tunstall with the Mobile Co. Sheriff's department, and Robert Lunsford with the city of Mobile. Both are sex offender detectives. I was given a paper and told to report to their separate offices Monday morning to register as a sexual offender. I was in disbelief, but I complied and on January 14, 2021 I was made to register as a sexual offender. After going over a list of some thirty-four regulations I am to adhere to; most of which should not apply to me because there was not a victim just three magazines.

I was told that a person had turned me in to be investigated. There was no investigation just a life sentence imposed. I had no idea about a ex post facto law that would allow someone released some 38 years prior would be sentenced to a lifetime registration, flyers being mailed to my neighbors, my driver's license marked, not allowed to go to amusement parks with my grandchildren, etc. I would be unable to move into an assisted living unit if the time comes. I was told I am to report every four months beginning on my birthday month. I was told and have a marked sheet stating that I was to come back in May 2021 because it was so close to February which would have been the next month to report. When I reported to Mark Tunstall in May I was arrested for not coming in some two weeks after my initial registration. I was charged and put in jail for not registering and paying $10.00 that is required each time I am to register with each of these people. This was my first time to register and was under the assumption that I was to register in May 2021 as I had been directed. My picture was again posted to social media, and I have received several calls inquiring as to what this is about. I never intended to not register as I had been instructed, but nun the less now I am facing a hearing for failure to appear to the county detective, but not the city. I did return the day after being released from jail to register and pay the county $10.00. I had tried numerous times to contact Mr. Tunstall by phone, and left several messages. I even went to the sheriff office on more than one occasion to inquire about travel, and left a message asking him to contact me. I have never received a return call! I would hope that he would return my call since this is new to me, and he would have had the courtesy to let me know I needed to register with him regardless that Mr. Lunsford said to come in in May.

I have been afraid to travel, and as result I was needed but unable to be in TX when my cousin that lost her husband in January just passed away July 18, 2021. She had asked me to come, but after explaining my situation she requested that I not come but fight to get out of this ridiculous unjust ex post facto law. I am also afraid to visit my son that is fighting cancer.

Exibit B

FOR: COURT'S REVIEW

## Recent Bio for Robert Peterson

I have one son and one daughter. My daughter (Jana Speese) has two sons age 18, one 16. They live in Ocean Springs, MS. I have 10 grandchildren thru my fiancé, and I am very close with all of them.

Member of Orchard Baptist church for forty plus years. On the Finance committee. Operate audio and video for Orchard Baptist Church

President of the Bates Field Aero Club. Member since 1977 (45 years)

Vice President Port City Corvette Club

Member of the Quiet Bird Men. An organization you have to be invited and sponsored into. Astronauts are part of this old organization.

Past president of the Deep South Antique Automobile Club. Member since 1980.

Member of the So. AL. British Car Club. All car clubs raise money for many charitable originations.

Long time member of the Alba Hunting & Fishing Club

Owned my own business: Southern Repro Graphics for 13 plus years Employed nine people. Sold that business in August 2020. All employees were offered a job with the new owner. It is very successful today.

I enjoy helping people in our community, and have for years.

I do not and never have smoked, drank, or do drugs of any kind

Exhibit "C"

Memorandum of Law/Research Material(s) for Argument(s) in support of Plaintiff's Argument for Declaratory/Summary Judgement/~~Injunctive~~ Injunctive Relief from Alabama's (ASORNA) Registration.

1) Plaintiff has a procedural liberty interest that can not be taken away without affording minimum due process such as affording him an opportunity to be heard and/or be furnished with proper notice of Alabama's registration requirements, it appears to be strange that the requirement arises more than 38 yrs. Later, when Alabama now has him register.

2) The Alabama Sex Offender Registration and Community Notification Act (ASORCNA) applies to anyone convicted of a crime in another jurisdiction (Federal) if that jurisdiction requires that anyone convicted of that crime register as a sex offender. See: Ala. Crim. Code § 15-20A-5(37), and to any offender determined in any jurisdiction to be a sex offender. § 15-20A-5(38).

Additionally, offenders may, however, be relieved from certain restrictions if a state court finds they pose no "substantial risk" of any future sexual misconduct. See: Ala. Code § 15-20A-25(f). This provision should be applied to plaintiff, relieving him from registration requirements since his crime occurred in 1984, and has now been approximately 39 yrs and counting with no indication that plaintiff is, has been or presently is on ~~future~~ any future risk of being harmful to the public or society as a whole, has proved that he poses no risk of any current, past or future risk of sexual misconduct towards minors, therefore, sufficient proof exists overwhelmingly under principles of Lenity, cause to remove him from the Registration Requirements.

~~Addition~~ Additionally, plaintiff is currently 77 yrs old, with a life expectancy to arrive in a few years, has become a productive member of society, a taxpaying citizen, no propensity to engage in sexual misconduct towards minors, has become 100% rehabilitated and has much ~~many~~ mitigating evidence to support the Court's finding that plaintiff poses no risk or harm and should be granted injuctive relief barring registration under Alabama's ASORCNA provisions, and orders covering such should be directed to the Keeper of the State Registry Logs for Alabama as well as the Mobile County Police Department and Mobile County Sheriff's office directing or ordering them to immediately remove him from Registration and proof/documentation be furnished to plaintiff and an order to DMV to cancel his current license (sex flag) and issue a new one, free of charge.

Richard John DeBlase
1027 Woodside Court
Mobile, Alabama
36608-4325

To whom it may concern

My name is Richard DeBlase I am the grandfather of Natalie, and Chase DeBlase. I was a maintenance supervisor for over two decades. During my time at Scott Paper I was a resource for this department Building and grounds. We had as many as 70 people to supervise. On occasion I would be required to hand out discipline actions. I learned over the years for every action there's a reaction. We discipline with the hope of change.

I have know Bobby Peterson for over 40 years I have found Bobby to be a honer-able person. To impose restrictions on this man would be a miss-use of justice. Bobby has had prostate cancer and had his prostate removed. Life has given Bobby a harder sentence then you could ever. His family is scatter all over Mississippi, Florida, Texas and I don't know were else. When my grandchildren were killed Bobby stepped up to the plate and helped get me and my wife Ann thought this tragedy. He's compassion-ed and a carrying person. This IS a person I want to be associated with. The new restrictions are creasing a undo hard ship and is not serving a positive outcome.

Please consider Bobby's request we punish people to have a positive out come. Not to have a negative out come.

Respectfully,

*Richard John DeBlase*

Richard John DeBlase



**Construction Solutions International Inc.**

*A Bailey Enterprises Company*
*Industrial • Marine • Demolition*

P.O. Box 218 • Axis, AL 36505 • Office (251) 675-6432 • Fax (251) 675-6487

Jerry Bailey

PO Box 218

Axis, AL 36505

To Whom it may concern,

I have known Bobby Peterson for more than 60 years. My wife and I attended all hearings during his trial in 1985. It was obvious the Federal judge was not convinced Bobby was a threat to anyone. Bobby was allowed to self-surrender to a facility in Texas and then return home on his own. After completing his sentence, he was allowed to have his children move in with him. He has been a successful person, a good father, and friend to so many. After 40 years he has now been told to register for the rest of his life. He has lost his freedom for no reason. This is a hardship not only on him, but his family and friends.

I and so many people feel this is an unethical and unjust law that does more harm than good.

Please repeal this unconstitutional and unethical law, and give freedom back to those who deserve it.

Sincerely,

*[signature: Jerry Bailey]*

FILED NOV 30 '23 AM 10:07 USDCALS

United States District Court
Southern District of Alabama

23-CV-452-TFM-N

Robert Emile Peterson                CR. CASE NO. 85-00101
-vs-
Montgomery County

(1) Procedural History of Case

(2) Issues Raised

(3) Argument in Support

(4) Memorandum of Law

(5) Relief Sought.

(6) Certificate of Service

(7) Motion for Appointment of Counsel

(8) Motion to Proceed In Forma Pauperis

(9) Affidavit / Declaration

"Documents Needed for 2255 (PCR) Application"

1) Copy of Indictment (including any superceding)

2) Copy of Rule 11 guilty plea Agreement

3) Copy of Factual Basis

4) Copy of Guilty Plea Colloquy (Transcript)

5) Copy of Sentencing Transcript

6) Copy of SOR (Statement of Reasons) for sentence imposed.

7) Copy of "Judgement in a Criminal Case."

8) Copy of All original and Responsive pleadings.

"Determinate -vs- Indeterminate Sentencing"
its Relationship to Guideline -vs- Statutory Sentencing.

State charges:
Trial set for: Oct. 24, 1995