IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT EMILE PETERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:23-cv-452-TFM-N |
| ) | |
| **ATTORNEY GENERAL OF ALABAMA,** ) | |
| *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM OPINION AND ORDER

On August 23, 2024, the Magistrate Judge entered a report and recommendation which recommends the motions to dismiss (Docs. 6, 8) be granted and this case be dismissed. *See* Doc. 15. No objections were filed and the time frame has passed.

In addition to the matters raised in the Report and Recommendation, the Court notes one additional matter. The Complaint lists as a defendant Chief Mobile County Police Department. *See* Doc. 1 at 2. Plaintiff submitted a proof of service on December 13, 2023. Doc. 4 at 4-5. It includes a green return receipt card dated on December 6, 2023. *Id*. at 5. However, the signature is illegible. Thus, it is unclear whether service has been properly effectuated on the Chief Mobile County Police.

Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Ninety days from the date the complaint was filed expired on February 28, 2024. As such, the Court **ORDERS** that Plaintiff show cause on or before **October 14, 2024** why

Defendant Chief Mobile County Police Department should not be dismissed without prejudice from this action pursuant to Fed. R. Civ. P. 4(m).

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED**.  Therefore, it is **ORDERED** that the motions to dismiss (Docs. 6, 8) are **GRANTED** as follows:

(1) All claims against the Sheriff's Department are **DISMISSED with prejudice** under Rule 12(b)(6) because it is not a legal entity subject to suit, without leave to amend these claims.

(2) All claims against DPS are **DISMISSED without prejudice** under Rule 12(b)(1) because DPS is immune under the Eleventh Amendment, without leave to amend these claims.

(3) All other claims against the Alabama Attorney General not covered by the paragraph 4 below are **DISMISSED without prejudice** under Rule 12(b)(1) because the Attorney General is immune under the Eleventh Amendment, without leave to amend these claims.

(4) All § 1983 claims against the Alabama Attorney General seeking prospective equitable relief based on federal constitutional violations should be **DISMISSED without prejudice** under Rule 12(b)(6) for failure to plausibly state a claim upon which relief can be granted.  However, Peterson is permitted leave to file an amended complaint that specifically addresses claims involving prospective equitable relief under 42 U.S.C. § 1983 against the Attorney General.

Finally, the Complaint also does not make specific allegations about whether the Chief

Mobile County Police Department is being sued in his official or individual capacity or precisely what is being alleged against him.  To the extent Plaintiff intends to further proceed with claims against this Defendant, Plaintiff shall also include specific allegations and whether it is in his official or individual capacity in the Amended Complaint.

Plaintiff must file the amended complaint addressing the above, no later than **October 15, 2024**.  Failure to do so may result in in the dismissal of the remaining claims and entry of final judgment pursuant to Fed. R. Civ. P. 58.  Plaintiff is also advised that the claims dismissed pursuant to paragraphs (1), (2), and (3) may not be repeated in the Amended Complaint.

**DONE** and **ORDERED** this 12th day of September, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE